IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRY MALONE, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } 2:13-CV-00884-WMA |
| ALLSTATE INDEMNITY COMPANY, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

This case comes before the court on the motion of defendant Allstate Indemnity Company ("Allstate") for partial summary judgment. Plaintiff, Sherry Malone, instituted this action based on an insurance contract, which plaintiff claims that Allstate breached when it refused to pay insurance benefits after her house burned down on March 28, 2011. Allstate seeks summary judgment on count two, bad faith denial of insurance benefits, and count three, negligent, reckless, and/or wanton denial of insurance benefits. Allstate filed an amended motion for partial summary judgment with supplemental evidence pursuant to this court's order of May 6, 2014. Plaintiff did not file a response by the deadline of June 6, 2014, thereby not disputing the material facts set forth in Allstate's amended brief. Doc. 33, ¶¶ 1-26. For the reasons stated below, the court finds that Allstate is entitled to partial summary judgment and will dismiss counts two and three by separate order.

**DISCUSSION**

To grant summary judgment, a court must determine that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. For the purposes of summary judgment, the court views all admissible evidence in the light most favorable to plaintiff, the nonmoving party, and draws all reasonable inferences in her favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Plaintiff does not dispute the material facts as presented by Allstate.

## I.  Bad Faith Denial of Benefits

Prevailing on a claim of bad faith denial of benefits requires evidence that the insurer either acted with intent to injure or had no legitimately debatable reason to deny the claim. *Aplin v. Am. Surety Ins. Co.*, 568 So. 2d 757, 760 (Ala. 1990). A reason can be debatable based on an issue of fact or based on an issue of law. *Davis v. Cotton States Mut. Ins. Co.*, 604 So. 2d 354, 359 (Ala. 1992) (quoting *Nat'l Sec. Fire & Casualty Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982)). "If any one reason for denial of coverage is at least arguable, this court need not look any further, and a claim for bad faith refusal to pay will not lie." *Weaver v. Allstate Ins. Co.*, 574 So. 2d 771, 774 (Ala. 1990).

In the present case, Allstate had multiple debatable reasons to deny plaintiffs' claims: (1) evidence of arson; (2) evidence of

a misrepresentation by plaintiff; and (3) the advice of counsel.

   (1)  *Evidence of Arson*

   Allstate may, of course, deny benefits if the property loss was proximately caused by plaintiff or by another person at plaintiff's solicitation. Doc. 30-2 at 26, ¶ 9.  Allstate had a debatable reason to deny benefits under this provision because Allstate had a prima facie case of arson.  A prima facie case of arson requires evidence of "arson by someone"; "motive by the insured"; and "unexplained surrounding circumstantial evidence implicating the insured." *Williams v. Allstate Ins. Co.*, 591 So.2d 38, 41 (Ala. 1991) (quotations omitted).  Two Certified Fire Investigators classified the fire as incendiary and found gasoline at the area of origin, where no gasoline is stored, thereby establishing "arson by someone."  Plaintiff had a motive due to financial difficulties, and she planned to move out of the state imminently.  Circumstantial evidence implicated plaintiff.  She obtained the insurance policy just days after receiving a job offer that would require her to move to a different state, and only a few weeks prior to the fire, although she had resided at the property for over seven months.  Plaintiff and her alibi witness gave conflicting accounts of plaintiff's trip to the emergency room around the time of the fire.  Finally, an informant contacted Allstate claiming that plaintiff told him of her intent to recoup the estimated $60,000 insurance proceeds (an accurate account of

the policy limit) by having a fire started in her basement. Whether this evidence proves arson is not at issue for this particular claim. This evidence clearly provided Allstate a **debatable** reason to conclude that plaintiff proximately caused the fire.

    (2) *Evidence of a Misrepresentation by Plaintiff*

Allstate's insurance policy expressly states that it does not cover any loss in which the insured has "concealed or misrepresented any material fact or circumstance." Doc. 30-2 at 22. Plaintiff submitted an inventory of her personal property that was destroyed in the fire. The inventory claims in excess of $82,000 in personal property, the majority of which is listed as belonging to plaintiff for longer than one year and three months. *See* Doc. 30-11. This time frame matters because plaintiff filed bankruptcy on January 8, 2010, approximately one year and three months before the fire of March 28, 2011. In her sworn bankruptcy petition, plaintiff claimed that she only owned $1,132 non-vehicle personal property and had an annual income of $24,946.68. Doc. 30-3. After the bankruptcy and approximately four months before the fire, plaintiff was promoted one government pay grade from GS6 to GS7. Doc. 30-4 at 79. Whatever moderate salary increase that promotion involves, Allstate had legitimate grounds to doubt that it involves a salary increase sufficient to buy $70,000-$80,000 worth of personal property. Allstate's counsel investigating the claim

questioned plaintiff on this point, and plaintiff stated that the bankruptcy petition is incorrect, that she "opted" not to read the sworn petition before filing it. Doc. 30-13 at 23.  Allstate's counsel observed that plaintiff had not amended the petition as of September 7, 2011, despite counsel having brought the discrepancy to plaintiff's attention. *Id.*  The inconsistency between plaintiff's bankruptcy petition and her personal property inventory, her apparent failure to read a sworn document, and her failure to later amend her bankruptcy petition constitute circumstantial evidence that plaintiff misrepresented the amount of personal property that she lost during the fire.  This evidence gave Allstate a **debatable** reason to deny plaintiff benefits.

    (3) *Advice of Counsel*

Relying on informed advice by private counsel can bolster an insurer's showing that it did not act in bad faith and that it had a debatable reason to deny benefits. *See Davis v. Cotton States Mut. Ins. Co.*, 604 So. 2d 354, 359 (Ala. 1992).  In *Davis*, the insurers claimed that they were unsure about a vehicle's coverage and hired a private lawyer to conduct research. *Id.*  The *Davis* Court found it "[c]rucial to the insurers' showing that they did not act in bad faith" that they employed "a lawyer in private practice to research the coverage of the motor vehicle." *Id.* Hiring the private lawyer reflected a good faith attempt to determine coverage, and nothing in the record indicated that the

5

insurers were not entitled to rely on their lawyers' advice. *Id.*

Similarly, in this case, Allstate hired a private lawyer to assist in investigating plaintiff's claim and to make a recommendation regarding coverage of plaintiff's claim. The lawyer submitted a claim coverage opinion on which Allstate was entitled to rely, at least without evidence to the contrary in the record, which plaintiff has not asserted to exist. *See* Doc. 30-13. Thus, to the extent Allstate has not already shown debatable reasons to deny plaintiff's benefits, it has shown a lack of bad faith by relying on the informed advice of its private counsel. Accordingly, Allstate is entitled to summary judgment on the claim of bad faith denial of benefits.

**I.   Negligent, Reckless, and/or Wanton Denial of Benefits**

Alabama has refused to recognize a cause of action for negligent or wanton handling of an insurance claim. *Kervin v. So. Guaranty Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (citations omitted). Accordingly, Allstate is entitled to summary judgment on the claim for negligent, reckless, and/or wanton denial of insurance benefits.

DONE this 10th day of June, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE